## IN THE MATTER OF THE ESTATE OF JAMES CAMPBELL, DECEASED.

## NO. 2951.

FILED SEPTEMBER 25, 1954.                    DECIDED DECEMBER 20, 1954.

### TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF LE BARON, J.
(Towse, C. J., concurring.)

This is a petition for rehearing of the cause decided by the opinion of this court as filed on August 9, 1954, and recorded at page 543, *ante.* The petition was presented for filing on September 25, 1954, pursuant to an order of extension which was granted on August 30, 1954. The presenting of the petition and the granting of the order both occurred more than twenty days after the filing of the opinion.

Rule 5 of this court requires that "A petition for rehearing * * * be presented only within twenty days after the filing of the opinion." It further requires that any "special leave [for] additional time [be] granted during such twenty days * * *." (39 Haw. 698.) It is obvious that this rule was not complied with.

Nothing in the record is germane to this failure to file within the rule other than the fact that the dissenting opinion was filed on August 25, 1954, and the fact that on the same day the attorney for the appellants received "a copy of the Opinion heretofore filed on August 9, 1954" as appears on the order of extension. But these bare facts constitute no excuse for failure to comply. They do not even afford an explanation as to why the appellants as party litigants did not receive on prompt delivery a copy

of the opinion which was on file as a public document not only affecting their rights but open to the inspection of the public generally. Nor do they attempt to show that any fraud intervened or that any other unusual and extraordinary situation, which might have delayed compliance, actually prevented compliance. On the contrary, it affirmatively appears from the facts of record that there was ample time in which to comply with the rule after a copy of the opinion had been received by the attorney for the appellants, there being four days then remaining of the prescribed time in which to present a petition for rehearing and during which to have additional time granted, if any were needed. The record, however, is silent as to diligence or fault, if any, on the part of the appellants during any of the prescribed time. Such being the state of their case, the appellants as petitioners are without right to be heard and their failure to comply is sufficient ground to deny their petition. Under all the authorities it is doubtful whether this court has any jurisdiction whatsoever to consider the petition further. Nor does this court assume such jurisdiction. I will, however, on my own motion pass briefly upon the grounds of the petition to satisfy myself whether they indicate that a rehearing would have been justified had the petition been timely presented.

There are fifteen grounds alleged in the petition. The majority of them are devoted to the question of construction as framed by the pleadings. The other grounds in the main concern various points, propositions, observations and conclusions, which the petition takes out of context from the opinion and claims not only that they constitute bases of decision but that counsel for both sides had no opportunity to argue upon them before the court. The remaining grounds constitute bare assertions. None of the grounds, however, are well taken or state a valid ground or reason for a rehearing. They are all argumenta-

tive and deal with no basis of decision with which counsel for both sides did not have full opportunity to argue before the court. Moreover, the grounds of petition in so far as they are pertinent to the issues of the case concern matters which have been fully argued and briefed by counsel and fully considered by this court. Nor do they make any criticism which suggests a need to amplify the opinion as rendered. In short, the petition states nothing to warrant a rehearing, irrespective of the fact that it was not filed within the rule.

Petition denied without argument.

*J. H. Hughes* and *W. B. Stephenson* for the petition.

CONCURRING OPINION BY TOWSE, C. J.

I respectfully concur only in that portion of the opinion of Justice Le Baron which considers and denies the petition for rehearing without argument.